**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robin Michael Charles, ) | No. CV 13-1477-PHX-LOA |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| United States Surgeon General, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

Pending before the Court are *pro se* Plaintiff's Complaint and Application to Proceed in District Court Without Prepaying Fees or Costs. (Docs. 1, 3) Although this case is assigned to Magistrate Judge Lawrence O. Anderson, this Order is issued by the undersigned Senior United States District Judge pursuant to General Order 11-03, dated February 15, 2011, which authorizes a dismissal order despite the absence of full consent to magistrate judge jurisdiction.

In the motion to proceed without paying a filing fee or the costs related to service of process, Plaintiff presents verified evidence establishing he is unable to pay the filing fee and other costs associated with this case. Pursuant to 28 U.S.C. § 1915(e)(2), a district court shall dismiss an *in forma pauperis* action if the court determines that:

 (A) the allegation of poverty is untrue; or

 (B) the action or appeal –

  (i) is frivolous or malicious;
  (ii) fails to state a claim on which relief may be granted; or

1             (iii) seeks monetary relief against a defendant who is immune from such relief.

"While much of § 1915 outlines how prisoners can file proceedings *in forma pauperis*, § 1915(e) applies to all *in forma pauperis* proceedings, not just those filed by prisoners." *Long v. Maricopa Cmty. College Dist.*, 2012 WL 588965, at *1 (D. Ariz. Feb. 22, 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126 n. 7 (9th Cir. 2000) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints[.]"); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.") (citation omitted). Additionally, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing the pleader is entitled to relief and a demand for the relief sought.

       A complaint is frivolous if it is based on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-30 (1989); *Muhammad v. Phoenix Police Dept.*, 2008 WL 447523, at *1(D. Ariz. Feb. 14, 2008). Moreover, a "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (dismissal also appropriate when the facts alleged are "clearly baseless," "fanciful," "fantastic," and/or "delusional."); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). A complaint is "frivolous" within the meaning of § 1915(e)(2)(B)(i) where it lacks an arguable basis in law or fact. *Neitzke*, 490 U.S. at 325. A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them, *id.*, and legal frivolousness justifies dismissal where a complaint is based on "an indisputably meritless legal theory[.]" *Id.* at 327. "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the

1  complaint's factual allegations and dismiss those claims whose factual contentions are clearly
2  baseless." *Id*. at 328.

3       Here, the Court finds that Plaintiff's Complaint is frivolous. The sparse, one-page
4  document asserts "Abuse Of Power" as the Complaint's only cause of action. (Doc. 1) The
5  Complaint demands, without more, that the Court "give the Government back to the people
6  of the United States." (*Id.*) It alleges no facts or other supporting information. The only other
7  item in the Complaint appears to be a statement of jurisdiction, which states, "District 9 Of
8  The United States District Court." (*Id.*) *See, e.g., God v. Arizona State Univ.*, 2007 WL
9  1539324, at *1 (D. Ariz. May 24, 2007) (*pro se* plaintiff, God, claimed the defendant
10 university was infringing his copyright by using his "autobiography," namely, "Bible,"
11 without paying plaintiff royalties was dismissed with prejudice as "both fanciful and
12 factually frivolous") (citing *Denton*, 504 U.S. at 33); *Yacoub v. United States*, 2007 WL
13 2745386 (W.D. Wash. Sept. 20, 2007) (*pro se* complaint dismissed as frivolous which
14 alleged defendants "used toxic chemicals, telepathy, color coding, astral bodies,
15 electromagnetic waves, and other methods to control his mind and bodily functions."); *King
16 v. United States*, 2006 WL 1375090 (W.D. Wash. May 18, 2006) (dismissing as frivolous *pro
17 se* plaintiff's complaint alleging that he was a victim of "mind torture via satellite
18 technology" operated by the United States) Because the Complaint clearly fails to allege an
19 arguable legal or factual basis for recovery, the Complaint will be dismissed as frivolous.

20      The District Court's docket reflects Plaintiff has also filed similarly frivolous and
21 delusional *pro se* complaints against the United States Government, President Barack
22 Hussein Obama, Jr., and the Federal Communications Commission, alleging a general claim
23 of abuse of power. *See* CV-13-1369-PHX-MHB, CV-13-1443-PHX-NVW,[1] CV-13-
24 1476-SPL, and CV-13 -1478-PHX-DGC.

---

[1] The Hon. Neil V. Wake, United States District Judge, has already dismissed Plaintiff's Complaint in the case assigned to him as it failed to allege any factual allegations and comply with Rule 8(a)(1) and (2), but granted Plaintiff leave to file an amended complaint by August 5, 2013. (Doc. 3 in CV-13-1443-PHX-NVW)

1       The Court finds no reasonable factual or legal basis to grant Plaintiff leave to amend the Complaint. A district court should not grant leave to amend if it determines that a pleading cannot possibly be cured by the allegation of other facts. *See Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000). Leave to amend is not proper in the presence of any of the following four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility. *Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)). Here, because the Complaint fails to allege any facts or valid legal theory upon which to base a claim, there is essentially nothing to amend. Thus, the Court finds the Complaint cannot be cured by amendment.

      The Ninth Circuit recognizes "the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances." *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990). "[F]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Moski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir.2007) (quoting *DeLong*, 912 F.3d at 1148) (internal quotation marks omitted); *see also Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) ("Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions."). Nevertheless, every appellate court that has considered the question has held that before a trial court may *sua sponte* enter a pre-filing order, due process requires that it afford the vexatious litigant notice and an opportunity to be heard. *See De Long*, 912 F.2d at 1147; *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008); *Cromer v. Kraft Foods, Inc.*, 390 F.3d 812, 819 (4th Cir. 2004); *Cok v. Family Ct. of Rhode Island*, 985 F.2d 32, 35–36 (1st Cir. 1993); *Tripati v. Beaman*, 878 F.2d 351, 354 (10th Cir. 1989); *In re Oliver*, 682 F.2d 443, 446 (3d Cir. 1982).

      This Court finds Plaintiff is vexatious litigant. A vexatious litigant Order shall issue, if Plaintiff continues to file frivolous and delusional claims. This Court believes that there is an adequate record to support such an Order. Plaintiff is cautioned to take care in all future

1  filings to avoid frivolous claims and the abusive use of this District Court. Failure to comply
2  with this directive may result in an injunction against Plaintiff to prohibit future filings in the
3  United States District Court for the District of Arizona. *See Stone v. Maricopa County*, 2008
4  WL 4446697, at *7 (D. Ariz. Sept.8, 2008) (imposing vexatious litigant order based on
5  plaintiff's "history of filing and re-filing the same claims against the same defendants
6  involving the same two fact patterns").

7  Accordingly,

8  **IT IS ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(2), the Complaint, doc. 1, is
9  **DISMISSED with prejudice** as frivolous. The Clerk is kindly directed to enter judgment
10 in favor of Defendant, against Plaintiff, terminate this action, and provide a copy of this
11 Order to the judges assigned to CV-13-1369-PHX-MHB, CV-13-1443-PHX-NVW, CV-13-
12 1476-SPL, and CV-13 -1478-PHX-DGC.

13 **IT IS FURTHER ORDERED** that Plaintiff's Application to Proceed in District
14 Court Without Prepaying Fees or Costs, doc. 3, is **DENIED** as moot.

15 **DATED** this 29th day of July, 2013.

_____
Stephen M. McNamee
Senior United States District Judge